IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40321
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CANDELARIO SEGURA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-264-1
--------------------
January 28, 2003

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Candelario Segura appeals his sentence with respect to the imposition of concurrent three-year terms of supervised release following his plea of guilty to two counts of assaulting a federal employee in the performance of his official duties. 18 U.S.C. § 111(a)(1). Segura contends that the maximum period of supervised release authorized for his offense is one year and requests that his case be remanded to the district court for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Segura concedes that our review is limited to plain error because he did not raise the issue in the district court.

Segura's offense is a Class E felony for which the maximum term of supervised release is one year. See 18 U.S.C. §§ 111(a)(1), 3559(a)(5), 3583(b)(3). The Government concedes that the three-year term of supervised release imposed by the district court exceeds that authorized by law. This court will correct overlong terms of supervised release on plain-error review. See United States v. Cooper, 274 F.3d 230, 244 (5th Cir. 2001).

Accordingly, we MODIFY the length of Segura's concurrent terms of supervised release to one year. See U.S.S.G. § 5D1.2(a)(3) (mandating one-year term of supervised release for a defendant convicted of a Class E felony). The sentence is AFFIRMED AS MODIFIED.